1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CASEY SELVESTER,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | No.  2:24-cv-01260-DAD-DMC<br><br>ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW on behalf of PLAINTIFF JOHN CASEY SELVESTER AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION BRIEFS<br><br>(Doc. Nos. 30, 31) |

This matter is before the court on the unopposed motion to withdraw as plaintiff John Casey Selvester's counsel of record filed by attorney Samuel C. Williams on October 31, 2024 and plaintiff's unopposed motion for an extension of time to file opposition briefs in response to defendants' pending motions to dismiss.  (Doc. Nos. 30, 31.)  Having reviewed the motions and the supporting declarations by attorney Williams, the court finds the pending motions suitable for decision on the papers.  Accordingly, the court vacates the hearings on the pending motions scheduled for November 19, 2024 and December 3, 2024.  For the reasons explained below, the court will grant attorney Williams' motion to withdraw as counsel and grant plaintiff's motion for an extension of time to file opposition briefs.

/////

**LEGAL STANDARD**

**A.    Withdrawal of Counsel**

Withdrawal of counsel is governed by the Local Rules of this court, which provide:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d).  Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.  Rule 1.16 of the California Rules of Professional Conduct provides several grounds upon which an attorney may seek to withdraw, including when "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act."  Cal. R. Prof. Conduct 1.16(b)(9).  However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct 1.16(d).

The decision to grant or deny an attorney's motion to withdraw pursuant to Rule 1.16(b) is ultimately committed to the discretion of the trial court.  "In ruling on a motion to withdraw as counsel, courts consider:  (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

/////

/////

**B.     Excusable Neglect**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Courts analyze the following equitable factors in determining whether a missed deadline was a result of excusable neglect:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The Supreme Court has noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392 (internal citations omitted).

**ANALYSIS**

Here, attorney Williams moves to withdraw as counsel for plaintiff John Casey Selvester in this action because, according to counsel, "ethical considerations require his withdrawal." (Doc. No. 30 at 3.)  Attorney Williams states in his declaration that his "duty not to reveal client confidences prevents [him] from further disclosure in this regard."  (Doc. No. 30-1 at ¶ 2.) Attorney Williams declares that he has provided plaintiff "sufficient notice to permit him to retain other counsel, including first "notif[ying] plaintiff in writing on June 27, 2024," notifying plaintiff several more times "in person and in writing," and speaking with plaintiff about the pending motions.  (*Id*. at ¶ 3.)  Attorney Williams also states that based on the early posture of this case, there should not be any prejudice to the parties, harm to the administration of justice, or undue delay, particularly if the court also grants plaintiff's separate motion for an extension of time to file his overdue opposition briefs.  (*Id*. at ¶ 4.)

The court has no reason to doubt the representations of plaintiff's attorney and finds that, although his declarations do not contain significant detail, he has established grounds upon which the court may permit his withdrawal.  *See Aceves v. Superior Ct*., 51 Cal. App. 4th 584, 592

3

1   (1996) ("Where as here the duty not to reveal confidences prevented counsel from further
2   disclosure and the court accepted the good faith of counsel's representations, the court should find
3   the conflict sufficiently established and permit withdrawal.").  The court also finds that granting
4   withdrawal will not cause undue prejudice to any litigant, to the administration of justice, or
5   significantly delay the resolution of the case, particularly as none of the several defendants have
6   opposed the pending motion to withdraw or have otherwise argued that they would suffer any
7   prejudice as a result.  *See Cruz v. Price*, No. 1:18-cv-01360-JLT-CDB, 2024 WL 3650624, at *2
8   (E.D. Cal. July 22, 2024) (noting that the non-moving party did "not oppose the pending motion
9   or otherwise argue that he will suffer any prejudice from the court's granting of the motion aside
10  from the inherent delay that will result" in concluding that "granting withdrawal will not cause
11  any prejudice to any litigant, to the administration of justice, or significantly delay the resolution
12  of the case").  Finally, attorney Williams has described the efforts he has undertaken to notify his
13  client of the pending motion to withdraw, and he has provided the court with plaintiff John Casey
14  Selvester's last known address of 41 Bee Plant Road, Prescott, AZ 86301.  (Doc. No. 30-1 at ¶ 3.)
15  Accordingly, the court finds that attorney Williams has complied with the notice requirements in
16  Local Rule 182(d).  Taken together, the court finds it appropriate to grant the pending motion to
17  withdraw as counsel for plaintiff.
18      Next, plaintiff moves for a 90-day extension of time to file opposition briefs to the
19  defendants' pending motions to dismiss.  (Doc. No. 31.)  Plaintiff argues that his failure to file
20  timely opposition briefs was excusable neglect, and occurred because plaintiff's attorney was
21  engaged in a felony jury trial and calendared the due dates for opposition briefs in this case
22  incorrectly.  (*Id*. at 3.)  He also argues that defendants will suffer no prejudice as his request for
23  an extension is simply a good faith effort to have the motions to dismiss be heard on the merits,
24  and that the delay imposed will have little impact on the proceeding due to the early stage of the
25  case.  (*Id*. at 5–6.)
26      The court finds, particularly in the absence of opposition from any of the defendants, that
27  the balance of the equitable factors demonstrates that plaintiff's failure to meet the deadline to file
28  opposition briefs was excusable neglect.  There appears to be little to no prejudice to the

1 defendants, even though granting an extension will cause a slight delay in the ultimate resolution
2 of defendants' pending motions, in part due to the early nature of this case, which has not yet had
3 a scheduling conference.  *See Trueman v. Johnson*, No. 09-cv-02179-PHX-RCB, 2011 WL
4 6721327, at *6 (D. Ariz. Dec. 21, 2011) (finding that the length of delay factor weighed in favor
5 of finding excusable neglect where the action was "in its infancy" and no scheduling orders had
6 been entered).  Further, while attorney Williams' explanation that he was engrossed in a jury trial
7 and calendared the filing dates in connection with the pending motions incorrectly in this case
8 does not necessarily depict circumstances entirely outside of his control, the court recognizes that
9 excusable neglect within Rule 60(b)(1) "encompass[es] situations in which the failure to comply
10 with a filing deadline is attributable to negligence, and includes omissions caused by
11 carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).  Finally, in the
12 absence of "evidence that plaintiff acted with anything less than good faith," the court declines to
13 find that the good faith factor weighs against finding excusable neglect.  *Mejia v. United States*,
14 No. 19-cv-01743-RSWL-E, 2019 WL 8633662, at *5 (C.D. Cal. Oct. 23, 2019).

15       Accordingly, the court finds that consideration of the relevant factors demonstrates that
16 plaintiff's failure to file timely opposition briefs was excusable neglect and will grant plaintiff's
17 motion for an extension of time on that basis.  *See Mejia*, 2019 WL 8633662, at *5 (finding
18 excusable neglect and granting an extension of time where the plaintiff's counsel did not timely
19 calendar case dates, despite finding some prejudice to the defendants).

20 **CONCLUSION**

21 For the reasons set forth above:

22 1. The motion to withdraw as counsel for plaintiff John Casey Selvester (Doc. No.
23     30) is granted;
24 2. The Clerk of the Court is directed to terminate attorney Samuel C. Williams as the
25     counsel of record for plaintiff John Casey Selvester;
26 3. Attorney Samuel C. Williams shall comply with all obligations under Rule 1.16(e)
27     of the California Rules of Professional Conduct regarding release of a client's
28     papers and property and return of unearned fees; and

5

4. Plaintiff John Casey Selvester is substituted in *pro se* in this case[1];

5. The Clerk of the Court is directed to enter the following contact information as plaintiff John Casey Selvester's address of record;

> John Casey Selvester
> 41 Bee Plant Road
> Prescott, AZ 86301

6. Plaintiff's motion for an extension of time to file opposition briefs (Doc. No. 31) is granted;

7. Plaintiff John Casey Selvester shall have 90 days from the date of entry of this order to file any opposition to defendants' pending motions to dismiss (Doc. Nos. 12, 14, 18, 19);

8. Plaintiff John Casey Selvester is directed to comply with all deadlines and the rules of the court;

9. The hearings on the pending motions to withdraw as attorney of record and for an extension of time to file opposition briefs set for November 19, 2024 and December 3, 2024 are hereby vacated;

10. This case is referred to the assigned magistrate judge for further proceedings, in accordance with Local Rule 302(c)(21)[2]; and

/////

/////

/////

---

[1] This order is without prejudice to plaintiff obtaining new counsel to represent him and to new counsel filing a notice of appearance in this action. If plaintiff obtains new counsel they will be required to file any opposition to defendants' pending motions to dismiss (Doc. Nos. 12, 14, 18, 19) within 90 days from the date of entry of this order unless they apply for and receive a further extension of time for that purpose based upon a showing of good cause.

[2] The Local Rules provide that the duties to be performed in civil matters by a magistrate judge include, "[i]n Sacramento, all actions in which all the plaintiffs or defendants are proceeding *in propria persona*, including dispositive and non-dispositive motions and matters." L.R. 302(c)(21).

11. The Clerk of the Court is directed to serve this order on plaintiff John Casey Selvester by mail at his address of record reflected above.

IT IS SO ORDERED.

Dated: __**November 15, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE