1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN CASEY SELVESTER,                        No.  2:24-cv-01260-DAD-DMC

12                    Plaintiff,

13          v.                                      ORDER GRANTING PLAINTIFF'S MOTION
                                                    TO FILE A SECOND AMENDED
14    STATE OF CALIFORNIA, et al.,                  COMPLAINT AND DENYING
                                                    DEFENDANTS' MOTIONS TO DISMISS AS
15                    Defendants.                   MOOT

16                                                  (Doc. Nos. 12, 14, 18, 19, 43, 52, 53, 55)

17

18

19          On April 30, 2024, plaintiff filed the complaint initiating this action.  (Doc. No. 1.)

20    Various defendants subsequently filed motions to dismiss plaintiff's operative complaint.  (Doc.

21    Nos. 12, 14, 18, 19, 43.)  When plaintiff did not file oppositions or statements of non-opposition

22    to pending motions, the court ordered plaintiff to show cause why this action should not be

23    dismissed for failure to prosecute and comply with the court's Local Rules.  (Doc. No. 26.)

24    Plaintiff's former counsel responded to the order to show cause and filed a motion seeking to

25    withdraw as counsel of record for plaintiff.  (Doc. No. 30.)

26          On November 18, 2024, the court granted plaintiff's former counsel's motion to withdraw

27    as counsel for plaintiff.  (Doc. No. 33.)  In that order, the court granted plaintiff ninety days to

28    respond to the pending motions to dismiss.  (*Id.*)  When plaintiff still did not comply, the court

1

1    issued another order to show cause. (Doc. No. 39.)  In response, on March 5, 2025, plaintiff's

2    new counsel requested an extension of time in which to respond to the pending motions and

3    indicated plaintiff's intent to voluntarily dismiss several defendants.  (Doc. No. 41.)  On March

4    17, 2025, the court held a status conference to discuss plaintiff's request in this regard.  (Doc. No.

5    45.)  The court granted plaintiff one week, until March 24, 2025, to file a notice a voluntary

6    dismissal as to the defendants that plaintiff wished to dismiss as well as a second amended

7    complaint ("SAC").  (*Id.*)

8        On March 19, 2025, plaintiff filed a notice of voluntary dismissal as to defendants City of

9    Red Bluff, Kevin Busequist, and Empower Tehama.  (Doc. No. 46.)  The Clerk of the Court

10    subsequently terminated those defendants from the action.  (Doc. No. 47.)  However, plaintiff did

11    not file a SAC as required by March 24, 2025.  On March 25, 2025, several remaining defendants

12    filed notices of plaintiff's failure to file a SAC.  (Doc. Nos. 48, 49, 51.)  Later that day, plaintiff

13    filed his SAC (Doc. No. 52)[1] as well as a "motion for leave of court to file second amended

14    complaint late" (Doc. No. 53).  Plaintiff's motion requests leave of court to file his second

15    amended complaint one day late and "requests that the Court view the late filing as the product of

16    mistake and inadvertence and permit late filing in order to avoid prejudice to Plaintiff resulting

17    from Counsel's ineptitude."  (Doc. No. 53 at 1–2.)  The motion is also supported by a declaration

18    of plaintiff's new counsel in which she explains that she encountered technical difficulties in

19    converting the pleadings "from Word to PDF."  (Doc. No. 54 at 1.)

20        The court will grant plaintiff's motion and will accept his SAC filed one day late, but

21    plaintiff and his counsel are warned that in light of the many delays in this action already, further

22    missed deadlines will not be tolerated.  Further, in light of the filing of plaintiff's SAC, the

23    /////

24    /////

25    /////

26

27    [1]  This item is currently mislabeled on the docket.  The court directs the Clerk of the Court to
correct the title of Doc. No. 52 to reflect that this entry is plaintiff's "Second Amended

28    Complaint."

1   defendants' previously filed motions to dismiss (Doc. Nos. 12, 14, 18, 19, 43) will be denied as

2   having been rendered moot.[2]

3         Additionally, on March 26, 2025, plaintiff filed a notice of voluntary dismissal[3] of three

4   additional defendants.  (Doc. No. 55.)  Plaintiff requests voluntary dismissal of defendants

5   Rogers, Frost, and Growney.  (*Id*. at 2.)  The court observes that defendants Rogers and Frost

6   were previously terminated from this action on September 17, 2024.  (Doc. No. 11.)

7   Accordingly, the court directs the Clerk of the Court to update the docket to reflect that defendant

8   Growney has also now been terminated from this action.

9                                    **CONCLUSION**

10        For the reasons explained above:

11     1.     Plaintiff's motion to file a second amended complaint one day late (Doc. No. 53)

12            is GRANTED;

13     2.     Plaintiff's second amended complaint (Doc. No. 52) is deemed the operative

14            complaint in this action;

15     3.     The defendants' previously filed motions to dismiss (Doc. Nos. 12, 14, 18, 19, 43)

16            are hereby DENIED as moot in light of plaintiff's filing of the second amended

17            complaint;

18

19    [2]  The court acknowledges that defendant Brown has filed a notice renewing her request for
      attorneys' fees pursuant to her motion to dismiss on anti-SLAPP grounds.  (Doc. No. 51.)
20    Defendant Brown references a case in which the undersigned previously found it appropriate to
      grant a request for the award of attorneys' fees incurred in bringing an anti-SLAPP motion which
21    was denied as moot after the plaintiffs were granted leave to file an amended complaint
      withdrawing the relevant state law claims.  (Doc. No. 51 at 2) (citing *Garrett v. Hine*, No. 1:21-
22    cv-00845-DAD-BAK, 2022 WL 2067903 (E.D. Cal. June 8, 2022)).  Here, however, defendant
      Brown moved to dismiss plaintiff's negligence and defamation claims as alleged against her on
23    anti-SLAPP grounds.  (Doc. No. 43-1.)  Plaintiff's SAC still brings the defamation claim against
      defendant Brown.  Accordingly, as stated at the hearing, defendant Brown's motion to dismiss
24    will be denied as moot but she may renew her anti-SLAPP argument in response to plaintiff's
25    SAC.

26
      [3]  The court observes that this filing has been captioned as a "motion for voluntary dismissal" and
27    entered on the docket as a "motion to dismiss."  (Doc. No. 55)  The court directs the Clerk of the
      Court to update the title of the entry to reflect that this document should be titled "Notice of
28    Voluntary Dismissal."

                                         3

1    4.     The Clerk of the Court is directed to update the docket to reflect that defendant

2           Growney has been terminated from this action in light of plaintiff's notice of

3           voluntary dismissal (Doc. No. 55); and

4    5.     The remaining defendants shall respond to plaintiff's second amended complaint

5           no later than twenty-one (21) days after the date of entry of this order.

6    IT IS SO ORDERED.

7    Dated:   **March 26, 2025**

8                    DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4